1
2
3
4
5
6
7
8
9
10
11
12
13

**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | | |
|---|---|---|
| **THEA MCKAY PETERS,** | ) | **1:08-CV-321  AWI SMS** |
| | ) | |
| **Plaintiff**, | ) | **ORDER FOR ADDITIONAL** |
| **v.** | ) | **BRIEFING REGARDING** |
| | ) | **DEFENDANT'S MOTION FOR** |
| **CITY OF HURON, et al.,** | ) | **SUMMARY JUDGMENT** |
| | ) | |
| **Defendants.** | ) | |
| | ) | |

14        On September 8, 2009, Defendant's motion for summary was taken under submission.

15   After further review of the filed materials, the Court believes that additional briefing is necessary.

16        In the motion for summary judgment, Defendant argues that he had probable cause to

17   arrest Plaintiff under Vehicle Code § 40300.5.[1]  However, "an arresting officer's state of mind

18   (except for the facts that he knows) is irrelevant to the existence of probable cause." Devenpeck

19   v. Alford, 543 U.S. 146, 153 (2004).  The officer's "subjective reason for making the arrest need

20   not be the criminal offense as to which the known facts provide probable cause." Id.  As such, "a

21   claim for false arrest turns only on whether probable cause existed to arrest a defendant, and that

22   it is not relevant whether probable cause existed with respect to each individual charge, or,

23   indeed, any charge actually invoked by the arresting officer at the time of arrest.  Stated

24   differently, when faced with a claim for false arrest, we focus on the validity of the arrest, and not

25   on the validity of each charge." Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. 2006); see also

26   Torres v. City of Los Angeles, 548 F.3d 1197, 1207 (9th Cir. 2008)  Williams v. Rodriguez, 509

27

28        [1] Alternatively, Defendant states that qualified immunity is appropriate.

F.3d 392, 399 (7th Cir. 2007); <u>Fox v. DeSoto</u>, 489 F.3d 227, 236 (6th Cir. 2007); <u>United States v. Laville</u>, 480 F.3d 187, 194 (3d Cir. 2007).  It appears that the facts of this case may implicate California Penal Code § 647(f), public intoxication.  <u>See</u> Cal. Pen. Code § 647(f); <u>People v. Cruz</u>, 44 Cal.4th 636, 674 (2008); <u>Mercer v. Department of Motor Vehicles</u>, 53 Cal.3d 753, 761-62 (1991); <u>People v. Belanger</u>, 243 Cal.App.2d 654, 656-58 (1966).  Since this penal code provision was not cited by the parties, the Court will take briefing on the issue.

Accordingly, IT IS HEREBY ORDERED that:

1.      On or by October 13, 2009, the parties will each submit supplemental briefing, and may submit additional evidence, regarding the impact, if any, of California Penal Code § 647(f) on this case/Defendant's motion;

2.      The parties may each file a response to the supplemental briefing on or by October 20, 2009; and

3.      To the extent that objections are made as part of the responding materials, replies to such objections may be filed on or by October 23, 2009.

IT IS SO ORDERED.

**Dated:      October 2, 2009**                    **/s/ Anthony W. Ishii**
                                           CHIEF UNITED STATES DISTRICT JUDGE